## In re OISHEI et al.
### Patent Appeal No. 2198.

Court of Customs and Patent Appeals.
April 14, 1930.

Barton A. Bean, Jr., and Harrison M. Brooks, both of Buffalo, N. Y., for appellants.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals affirming the decision of the Examiner denying claims 1 to 6 inclusive, and 8, 9, 11, 14, 15, 16, 17, and 21 of appellants' application for an alleged invention relating to windshield cleaners, and particularly to the construction of the wiper carrying arms of such devices.

Claims 7, 10, 12, and 13 of the application were allowed by the Examiner. The appealed claims, 2, 4, 5, 11, 15, and 17, were withdrawn by counsel for appellants at the time of the oral arguments in this court. Accordingly, the following claims only are

before us for consideration: 1, 3, 6, 8, 9, 14, 16, and 21.

Claims 1, 6, 8, and 14 are illustrative. They read:

"1. In a windshield cleaner, a wiper carrying arm, an actuating member for said wiper carrying arm having detachable connection therewith, and a detachable spring connection-securing member having a part connecting said wiper carrying arm to said actuating member and a part exerting spring pressure on said wiper carrying arm and adapted to maintain said wiper carrying arm connected to said actuating member and to maintain said wiper in resilient contact with the windshield glass."

"6. In a windshield cleaner, an operating member extending at an angle to the face plane of the windshield glass, a wiper moving arm pivotally engaging said operating member to swing to positions between positions at an angle to said member and positions alined with the axis of said member, and a coil spring mounted on and surrounding a portion of said arm and bearing on said arm and having an extension bearing on said member at a point spaced from said point of pivotal engagement for securing the pivotal connection between the arm and member and resiliently urging said arm toward the windshield glass."

"8. In a windshield cleaner, an operating shaft extending at an angle to the face plane of the windshield glass, said operating shaft having a pair of spaced recesses therein, a wiper moving arm having a portion engaged in one of the recesses of said shaft for pivotally connecting said arm to said shaft to swing from a position at a substantial right angle to said shaft to a position substantially alined with the axis of said shaft, a retractile spring removed from the pivotal connection and bearing on said arm and having a part engaged in the other of said recesses at a point spaced from the pivotal connection for resiliently urging said arm toward the windshield glass."

"14. In a windshield cleaner, an operating shaft, a wiper moving arm pivotally connected to said shaft to be moved thereby, said pivotal engagement permitting said wiper moving arm to swing in the direction of the axis of said shaft, a spring carried by one of the aforesaid elements and tensionable in a direction toward said pivotal engagement, and a part connected at one end to the other of the first two named elements at a point spaced from said pivotal engagement, said part having its opposite end connected to said

spring and normally holding the same under tension whereby said spring exerts a pulling force on said part and thereby urges said arm into contact with the glass of an adjacent windshield, said part acting to further tension said spring when said arm is swung in a direction away from the adjacent windshield glass."

The references are: Folberth, 1,352,504, September 14, 1920; Oishei, 1,362,175, December 14, 1920; Kelber, 1,451,698, April 17, 1923.

It appears from the specification and accompanying drawings that the wiper carrying arm of appellants' device has a spring coiled around it at, and extending a short distance from, its pivotal connection with the operating shaft, with a "tensioning member"—an uncoiled projection of the spring extending from the lower end of the coil to, and connected with, the operating shaft at a point "spaced from" the pivotal connection of the carrying arm with the operating shaft—"resiliently urging the carrying arm toward the windshield glass." The carrying arm and the tensioning member are connected with the operating shaft by inserting bent or hooked ends through openings spaced a short distance apart in the shaft.

In his decision the Examiner, among other things, said:

"The invention to which the appealed claims are drawn resides in a novel spring pressed connection between the rock shaft of the motor and the wiper or squeegee carrying arm of the ordinary fluid actuating windshield cleaner, for resiliently pressing the squeegee against the glass. * * *

"The reference, Oishei, shows a coiled spring 19 for urging squeegee 15 against the glass; and Kelber shows (sheet 2) at 24 a coil spring for effecting the same function.

"It might be stated at the outset that during the prosecution of this case the examiner has interposed objections to appellants multiplication of claims differing only in wording, or by functional statements and generalizations. The examiner has allowed four claims which appear to cover appellants' contribution to the art, and, as stated in Prescott v. Rummler, 1922, C. D. 119, there is no reason for allowing a large number of indefinite and attenuated claims, thus inviting controversy and litigation. In view of the fact that appellants' device is simple, involving only three elements including the old structure, and the references are pertinent, it is difficult to conceive how 22 pat-

entably different claims can be drawn on the invention.

"Claims 1 and 2, above, are typical of claims 1 to 6.

"Claim 1 has been rejected as functional and indefinite. * * * Every element of this claim is found in Kelber (sheet 2) with the exception that Kelber employs a rivet 19 rather than a detachable bolt, and this substitution would not involve invention. The same thing applies to Oishei. * * *

"Claim 8 has been indicated as allowable with suggested corrections, which have been declined by appellant. In its present form the claim is considered unpatentable over Kelber, the end of whose spring 24 may be seated in a notch or recess without invention. The claim fails to set out any relation between the spring and arm G' which would effect the function stated. It has also been held that the claim as amended is indefinite, line 8, since in Fig. 4 the spring is right on the pivot shaft, and in the elected form (sheet 2), it is shown abutting pivot shaft 11'.

"Claim 9 has been rejected as ambiguous as to what is the 'operative' position; as being functional; and also as unpatentable over Kelber, as indicated for claims 2 and 4, above."

Claims 14 and 16 were rejected as functional and indefinite. Claim 21 was rejected on the patent to Kelber, and, also, as being indefinite.

The following claims were allowed by the Examiner:

"7. In a windshield cleaner, an operating member extending at an angle to the face plane of the windshield glass, a wiper moving arm pivotally connected to said operating member to swing to a position substantially at a right angle to said member and to a position alined with the axis of said member, and a coil spring mounted on said arm and surrounding a portion of said arm a distance below the pivotal connection to said member and having a part extending from the lower portion of said coil spring and bearing on said member at a point spaced from said pivotal connection for resiliently urging said arm toward the windshield glass."

"10. In a windshield cleaner, a wiper carrying arm, an actuating member therefor, one of said elements having a transverse opening and the other of said elements having a laterally bent part pivotally engaging in the transverse opening, and a spring coiled about one of said elements and having its two ends secured respectively to the arm and actuating member."

"12. In a windshield cleaner, a wiper arm, an actuating shaft pivotally connected thereto, a spring coiled about the arm and bearing at one end thereon adjacent the shaft, and means connecting the opposite end of the spring to the shaft at a point spaced from the pivotal connection of said wiper arm and adapted to tension the spring during pivotal movement of the arm on the shaft.

"13. In a windshield cleaner, an actuating shaft having a transverse recess, a wiper arm having one end portion formed of wire and bent laterally to engage in the recess and constitute a pivotal connection between the shaft and arm to permit the latter to swing in a direction lengthwise of the shaft, and means for releasably securing the pivotal connection."

With reference to claim 1, appellants contend that they have not been allowed protection for a detachable mounting for a wiper carrying arm in which the "detachable connection is secured by a double functioning device which also urges the wiper resiliently against the windshield glass"; and that the patent to Kelber does not disclose a detachable actuating member for the wiper carrying arm.

The "actuating member," in the Kelber patent, is in detachable connection with the wiper carrying arm by means of a "bolt or its equivalent." Of course, it might require the use of a wrench to loosen the nut on the bolt in detaching the carrying arm from the "actuating member," whereas in appellants' device these members might be detached without the use of such a tool. The other features of the claim are plainly functional.

We have carefully considered each of the involved claims in connection with the allowed claims as well as in the light of the argumentative matter contained in the briefs, and, in view of the fact that they have been fully considered and discussed by the tribunals below, we deem it unnecessary to enter into a discussion of all of them here. As our views of claim 1 are not in entire accord with those expressed by the Patent Office tribunals, although reaching the same conclusion, we have briefly compared the essential features of the claim with the Kelber disclosure.

The decision is affirmed.

Affirmed.